

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| MICHAEL-JARETT CASDORPH, #40738-004, | § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION NO. 9:04-0111-26BG |
| THE ENTITY KNOWN AS: UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § § § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND DISMISSING THE CASE

Petitioner brings this action pursuant to 28 U.S.C. § 1651. Petitioner is proceeding *pro se*. The matter is before the Court for review of the report and recommendation (report) of the United States Magistrate Judge in which he suggests that the petition be dismissed without prejudice and without issuance and service of process. The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed his report and recommendation on January 23, 2004. Thereafter, on February 2, 2004, Petitioner timely filed his objections.

Rather than address the report, Petitioner attacks the Magistrate Judge's authority in this matter. He states that no party to the action has consented to the exercise of jurisdiction by a Magistrate Judge. However, the Magistrate Judge was not acting pursuant to Rule 73 of the Federal Rules of Civil Procedure, as claimed by Petitioner, but in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina. Section 636 provides in pertinent part that

> a judge may . . . designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, . . . of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging the conditions of confinement.

Moreoever, subsections (B)(2)(c) - (f) of Local Rule 73.20 provide that a magistrate judge shall handle pretrial proceedings in all prisoner cases and in all litigation involving individuals proceeding *pro se*. Because Petitioner is currently incarcerated at the Estill Federal Correctional Institute and is proceeding *pro se* in this action, the Magistrate Judge properly filed his report for consideration by this Court.

General objections do not direct the Court's attention to any specific portion of the report, and, thus, are tantamount to a failure to object. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (*de novo* review not required where objections are general and conclusory). A failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985). As previously stated, Petitioner failed to make any specific objections to the Magistrate Judge's report. In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After a thorough review of the report and the record in this case pursuant to the standards set forth above, the Court adopts the report and incorporates it herein. Therefore, it is the judgment of this Court that the petition be **DISMISSED** without prejudice and without issuance and service of process. Furthermore, this case shall be deemed a "strike" for purposes of the "three strikes rule" of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

Signed this 21st day of April, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.